[No. 2774.]

GEORGE WILSON *v.* THE STATE.

1. SPECIAL JUDGE—OATH.—When a case has been tried before a special judge and is appealed, the transcript to this court must show in what manner such judge was elected, and that he was sworn as such judge according to law.

2. THEFT—CHARGE OF THE COURT—CASE APPROVED.—It was in proof in a theft case that in explanation of his possession of the alleged stolen property the defendant said that he had found it. *Held*, that under all the proof the trial court should have given in charge to the jury the law governing such defense. See the case of *Reed* v. *The State*, 8 Texas Court of Appeals, 40, for a full discussion of such defense.

APPEAL from the District Court of Brown. Tried below before C. H. Jenkins, Special Judge.

The indictment charged the appellant with the theft of money of the value of twenty-nine dollars and forty-four cents, the property of L. A. Bryan, in Brown county, Texas, on the fifth day of June, 1882. He was convicted and awarded a term of two years in the penitentiary as punishment.

Deputy Sheriff A. L. Miller testified, for the State, that on the fifth day of June, 1882, about eight or nine o'clock in the morning, the defendant came to him near the court house in Brownwood and showed him five or six dollars in United States half-dollar silver pieces, one dollar in gold, one Central American gold piece, one French gold piece, and one English gold piece. He asked the witness if he knew the value of the foreign coins, and said that he found them near the residence of L. A. Bryan. During this conversation Sol. Tanner came up, and with the defendant's permission took the coins, and, followed by the defendant, went to the Arcade saloon. Witness saw the defendant thereafter every day in town, until the day before Mr. Bryan, who had been absent, returned, which was on the ninth of June. Witness then looked for defendant and could not find him in town. Late in the evening the defendant came to the jail and said: "I suppose I am under arrest; you can have me." Witness arrested and jailed him.

Frank Tanner testified, for the State, that early on the morning of June 5, 1882, the defendant came into the Arcade saloon, where witness was clerking, and bought a drink, for which he paid with a silver dollar, getting change. He had at the time six or seven dollars in American silver, one in gold, and three or four foreign gold coins, which he said he found in the road. He offered to sell the witness the American gold dollar for fifty cents. The witness told him it was worth one dollar, and he said no more about selling it.

Sol. Tanner, for the State, corroborated the witness Miller as

to what transpired with defendant in the conversation between the three near the court house on the morning of June 5, 1882.

W. A. Farmer testified, for the State, that he was clerking for Mr. L. A. Bryan in his grocery store. He was informed on the morning of June 5 that the defendant had certain foreign coins in his possession, and, knowing that Mr. Bryan owned foreign coins, he demanded of defendant to see them. He told defendant, after he saw them, that he believed they belonged to Mr. Bryan. Defendant said that he thought so, too; that he found them under Bryan's window, near the road. He gave them up to the witness willingly. Defendant was then in Bryan's service. Bryan left Brownwood that morning on a trip, and left the defendant in charge of his house. Witness demanded and received of the defendant the keys to Bryan's house.

L. A. Bryan, for the State, testified, in substance, that he had been in the habit of collecting foreign coins as curiosities, and owned such coins as those alleged to be stolen. He believed these coins to be his. One morning in February, 1882, he put those coins in a cigar box in his store in Brownwood. The box was nailed down and had a gap or hole cut in the top sufficiently large to admit a silver dollar edgewise. That box may have been exposed at the store during the day. At night he took the box home and put it on the centre table at his residence, where it remained up to the last time the witness saw it, on the fifth day of June, when he and his family went to Brady City, McCulloch county. Witness had occasion to move the box the night before and thought it contained money, but how much or what kind he only knew from the circumstances related. After the witness took the box home he put two or three dollars in silver and a one dollar gold piece in it. Witness also left two or three dollars in silver in a pocket book in a bureau drawer when he started to Brady City. It was possible, but by no means probable, that in carrying the box home from the store the money might have slipped out. Defendant was left in charge of the witness's house when the witness went to Brady City. He had then been in witness's employ but a few days.

When witness returned from Brady City he found the box broken open and the money gone. He found the pocket book in the bureau drawer, but the money it contained was also gone. Witness had two orphan children at his house, who had access to the money box. It was possible that the money was taken by some party other than the defendant, either when the box

was at the store or at the house. When the witness left on the morning of June 5, he directed the defendant to clean up the house and deliver the keys to Mr. Maples, a neighbor. The two orphan children spoken of had been sent to Maples's house the night before. Witness gave the defendant two dollars and a half the day before he left, to buy a pair of shoes. He brought the shoes to the house and said that he had spent that money for them. Witness's wife gave him a dollar the morning they left.

Other witnesses testified for the State, but threw no further light upon the transaction.

The motion for new trial assailed the evidence as incompetent in many respects, and as totally insufficient to sustain the verdict. It also attacked the charge of the court.

*W. S. Billups,* for the appellant.

*J. H. Burts,* Assistant Attorney General, for the State.

WILLSON, JUDGE. It appears from the record that this case was tried before a special judge, but it does not appear in what manner such judge was selected, nor that he was sworn as such judge as required by law. These facts must be shown by the record before this court can sanction the conviction. (*McMurry* v. *The State,* 9 Texas Ct. App., 207; *Perry* v. *The State,* decided cided at present term, *ante,* page 166.)

In reversing and remanding this case we deem it proper to say that in our opinion the evidence requires a charge upon the law with reference to the defendant's claim that he came into possession of the alleged stolen property by finding it. It was in proof that defendant, in explanation of his possession of the property, said that he had found it. This evidence was for the consideration of the jury under proper instructions from the court, but such instructions were not contained in the otherwise admirable charge of the learned judge. For the rules of law applicable to the case of property found, reference may be had to *Reed* v. *The State,* 8 Texas Court of Appeals, 40, where the subject is fully discussed.

*Reversed and remanded.*

Opinion delivered May 12, 1883.